**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

NERIDA BAJANA,
  Plaintiff,

v.                                          Civil No. 04-1472 (HL)

JOHN E. POTTER, Postmaster General, United
States Postal Service Agency,
  Defendant.

**OPINION AND ORDER**

Before the Court is Defendant United States Postal Service's (hereinafter "Postal Service" or "Defendant") renewed motion for judgment as a matter of law, or alternatively, for a new trial.[1] Plaintiff Nerida Bajana, (hereinafter "Bajana") filed a response in opposition to the Defendant's motion, and the Postal Service filed a reply to Bajana's opposition.[2] After a review of the record and submissions of counsel, the Court denies Defendant's motion.

**STANDARD OF REVIEW**

The Court's review of a renewed motion for judgment as a matter of law is very limited. A motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure may be granted only when there is no legally sufficient evidentiary

---

[1] Dkt. No. 73.

[2] Dkt. Nos. 78, 82.

basis for a reasonable jury to find for the non-moving party. *See Richards v. Relentless, Inc.*, 341 F.3d 35, 41 (1st Cir. 2003); *Guilloty Perez v. Pierluisi*, 339 F.3d 43, 50 (1st Cir. 2003). "A party seeking to overturn a jury verdict faces an uphill battle." *See Marcano Rivera v. Turabo Med. Ctr. P'ship*, 415 F.3d 162, 168 (1st Cir. 2005). "Courts may only grant a judgment contravening a jury's determination when the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." *Id.* (quoting *Rivera Castillo v. Autokirey, Inc.*, 379 F.3d 4, 9 (1st Cir. 2004)); *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 565 (1st Cir. 2003); *Keisling v. SER-Jobs for Progress, Inc.*, 19 F.3d 755, 759-60 (1st Cir. 1994).

A motion for judgment as a matter of law may only be granted if "the evidence together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the moving party [is] entitled to judgment." *PH Group Ltd. v. Birch*, 985 F.2d 649, 653 (1st Cir. 1993). In evaluating the evidence, however, the Court "may not assess the credibility of witnesses, evaluate the weight of the evidence or resolve conflicts in testimony, but must view all facts and reasonable inferences therefrom in the light most favorable to the non-movant." *Davet v. Maccarone,* 973 F.2d 22, 28 (1st Cir. 1992).

Similarly, "[w]hen considering a Rule 59(a) motion 'a district court may set aside a jury's verdict and order a new trial only if the verdict is against the demonstrable weight of the credible evidence or results in a blatant miscarriage of justice.'" *Acevedo-Garcia v. Monroig,* 351 F.3d at 565 (quoting *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 717 (1st Cir. 1994)).

Applying these principles to the instant case requires Defendant's motion be denied.

**BACKGROUND**

The relevant facts, as presented at trial and viewed in the light most favorable to the jury verdict and Plaintiff are as follows: Bajana is a female of Ecuadorian decent that has

worked for the United States Postal Service in Puerto Rico since 1995. During her tenure in Isabela, Bajana received three monetary awards for excellent performance from two different postmasters. While working in the Isabela Post Office, Bajana had a romantic relationship with co-worker Samuel Badillo ("Badillo"). The relationship last for approximately one year, ending in May 2001. In July 2001, Melissa Moran ("Moran") began working at the Isabela Post Office and started a romantic relationship with Bajana's former boyfriend Badillo. Consequently, the relationship between Bajana and Moran was one of confrontment, as the women engaged in verbal arguments using insulting words. Bajana received a letter of warning dated October 17, 2001 for a verbal argument with Moran.

As a result of the letter of warning, Bajana sent a letter to the Equal Employment Opportunity Commission ("EEOC") on October 21, 2001, which detailed her work related problems. Bajana also filed for Pre-Complaint Counseling on October 25, 2001, and mediation efforts were held on January 31, 2002. The parties present at the mediation were Plaintiff Bajana, Postmaster Matias and Supervisor Widden Juarbe. No agreement was reached. Bajana described her relationship with Matias prior to filing the complaint as good and respectful. During the mediation, Bajana believed Matias was disappointed and quite angered with the her because she filed the complaint. Furthermore, Manuel Rivera, the Union Delegate for the American Postal Workers Union, testified that during a lunch meeting with Matias the day before the mediation, Matias admitted being annoyed with Bajana since she was the first employee to ever file an EEO pre-complaint under his supervision.

After the failed mediation attempt, Bajana submitted two letters to Matias regarding derogatory comments and intimidation from her co-workers, dated February 4, 2002 and February 5, 2002. Bajana never received a response to her complaints. On February 19, 2002, Bajana received an emergency suspension for creating a hostile and dangerous work environment. Bajana then received a second emergency suspension from work on February 27, 2002 and was ultimately issued a letter of removal dated March 1,

2002. The letter charged Bajana with improper conduct and failure to follow instructions, but was ultimately rescinded on March 22, 2002.

The matter was tried before a jury, and on October 12, 2005, the jury returned a verdict finding Bajana was subjected to retaliation for filing a complaint with the EEOC and awarding the plaintiff $70,000.00 in emotional damages. The Postal Agency now moves for renewed judgment as a matter of law or, alternatively, for a new trial on the grounds that the verdict was contrary to the clear weight of the evidence. *See* Fed.R.Civ.P. 50(b)(1)(c) & 59(a).

## DISCUSSION

Title VII prohibits an employer from discriminating against an employee "because [the employee] has opposed any practice made an unlawful employment practice...or because [the employee] has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under [Title VII]." 42 U.S.C.§ 2000e-3. A prima facie case of retaliation under Title VII contains three elements: (1) that the plaintiff engaged in a protected activity (2) that she suffered an adverse employment action, and (3) that there was a causal nexus between the protected activity and the adverse employment action. *Bishop v. Bell Atl. Corp.,* 299 F.3d 53, 58 (1st Cir. 2002). Once a plaintiff makes her prima facie showing, the burden then shifts to the employer to articulate legitimate, non-retaliatory reasons for its employment decision. *See Fennell v. First Step Designs, Ltd.,* 88 F.3d 526, 535 (1st Cir, 1996). If the employer articulates legitimate reasons for its decision, the burden then shifts back to the plaintiff to establish the employer's proffered reasons were pretextual. *Fennell,* 83 F.3d at 535.

The Court first turns to Postal Service's argument that it is entitled to judgment as a matter of law because no reasonable jury could find there was a causal link between the alleged retaliation and Bajana's complaint to the EEOC. The Court rejects this argument. The evidence presented at trial demonstrates that Bajana was first suspended on February 19, 2002, less than 20 days after the fruitless mediation of her EEOC complaint.

Furthermore, Bajana received a second emergency suspension, along with letter of removal on March 1, 2002.  The close temporal proximity between the failed mediation and the subsequent adverse employment actions taken against Bajana present a reasonable inference of retaliation.  The Court finds that there was a legally sufficient evidentiary basis for a reasonable jury to conclude that the adverse employment actions were causally related to Bajana's complaint to the EEOC.  Accordingly, the Court is unable to conclude that the *only* reasonable result permitted by the evidence would be a verdict for the Postal Agency.  *See PH Group Ltd.*, 985 F.2d at 653.

The Postal Service's second argument is that no reasonable jury could rationally conclude that the Defendant's reasons for its employment decisions were pretextual.  The Postal Service maintains it is clear that the actions taken against Bajana were aimed at resolving the friction among the employees.  The Court is unpersuaded by this argument.  The Postal Service's argument presents a typical situation of contradictory evidence.  Defendant's submitted copies of the Bajana's emergency suspensions and notice of removal letter, citing the reasons for the adverse employment actions.  Furthermore, Defendant's witness Rafael Gomila, a retired workplace improvement analyst who visited the Isabela Post office in February 2002,  testified that Bajana had personal problems with co-workers.  Gomila advised Matias to take action since the situation was affecting the workplace environment.

Conversely, the Plaintiff submitted the testimony of Bajana and Manuel Rivera regarding Matias' attitude towards the plaintiff after she filed her complaint with the EEOC as evidence of his retaliatory animus.  Furthermore, Bajana's letters to Matias regarding workplace harassment from her co-workers were never answered.  Bajana also testified that to the best of her knowledge, no other employee was ever disciplined for the verbal encounters.  This evidence, coupled with the close temporal proximity of failed mediation and Bajana's two emergency suspensions and letter of removal, is a sufficient evidentiary basis for a reasonable jury to conclude that the Postal Service's stated reasons for its decisions were pretextual.

A party is not entitled to judgment as a matter of law simply because contradictory evidence was presented at trial. The jury is the one entitled to decide which version to believe. Rather, a court may grant judgment as a matter of law "only if the facts and inferences point so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have reached a verdict against that party." *Santos v. Sunrise Med., Inc.*, 351 F.3d 587, 590 (1st Cir. 2003); *Star Fin. Servs., Inc. v. AASTAR Mortgage Corp.*, 89 F.3d 5, 8 (1st Cir. 1996). The evidence, together with all reasonable inferences, is not so overwhelmingly in favor of the Postal Agency so that a reasonable jury could not find for Bajana. Accordingly, the Court finds that the jury's determination that the Postal Service's stated reasons for its adverse employment actions were pretextual was reasonable and supported by sufficient evidence.

## CONCLUSION

**WHEREFORE,** Defendant's renewed motion for judgment as a matter of law or, alternatively, for a new trial is denied.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, September 11, 2006.

S/ HECTOR M. LAFFITTE
Senior United States District Judge